FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 1 9 2011

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS**

| | | |
|---|---|---|
| **WILLIAM GUMBY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **No.  4:11 cv 340 Sww** |
| | § | **Jury Demanded** |
| | § | |
| **UPS GROUND FREIGHT, INC.** | § | |
| **And ALLEN HOWARD,** | § | This case assigned to District Judge Wright |
| | § | and to Magistrate Judge_____ Deere |
| **Defendant.** | § | |

---

## NOTICE OF REMOVAL OF CIVIL ACTION

---

**TO:**   **Peter A. Miller, Esquire**
      *The Law Offices of Peter A. Miller*
      1601 Broadway
      Little Rock, AR  72206

Pursuant to 28 U.S.C. Section 1446(d), the **Defendant, UPS Ground Freight, Inc.**, by and through its counsel of record, **Glassman, Edwards, Wyatt, Tuttle & Cox, P.C.**, files this Notice of Removal of the above civil action, and as basis for said Removal would show as follows:

1.      Removing party, UPS Ground Freight, Inc., is named as a Defendant in the above entitled action.

2.      This matter was originally filed in the Second Division of the Circuit Court of Lonoke County, Arkansas, on the 18th day of March, 2011, under Docket No. CV-

2011-188.  A copy of the original Complaint filed in the Circuit Court of Lonoke County, Arkansas, along with the Summons is attached to this Notice of Removal as **Exhibit A**.

3.     On or about March 23, 3011, the Defendant, UPS Freight, Inc. received the Summons and a copy of the Complaint from the Office of the State of Arkansas, through its Registered Agent, Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, AR 72201, via Certified Mail.

4.     Based on a review of the file by the undersigned counsel for removing Defendant, UPS Ground Freight, Inc., the Complaint, Summons and Interrogatories and Request For Production of Documents are the only pleadings filed in the cause to date.

5.     To this Defendant's knowledge, Allen Howard has not been served in this matter.  In the event he is served, the undersigned will enter an appearance on his behalf, and the undersigned will be defending Mr. Howard.

6.     Since the date of service, no further proceedings have taken place in the Lonoke County, Arkansas Circuit Court action.

7.     The amount in controversy, exclusive of interest and costs, was not specified in Plaintiff's Complaint.  However, based upon the injuries complained of by Plaintiff, through counsel, which include a lengthy hospital and rehabilitation stay and medicals in excess of $300,000.00, the amount in controversy exceeds $75,000.00.

Furthermore, counsel for Plaintiff agrees and acknowledges that the amount in controversy exceeds $75,000.00.  (See correspondence attached hereto as **Exhibit B**)

8.     Plaintiff is presently, and was at the time the Complaint was filed, a resident citizen of Lonoke County, Arkansas.

9.      The Defendant, UPS Ground Freight, Inc., is presently, and was at the time the Complaint was filed, a corporation organized and incorporated under the laws of the State of Virginia, with its principal place of business being:

> 55 Glenlake Parkway, NE
> Atlanta, GA  30328

10.      Defendant, Allen Howard, is presently, and was at the time the Complaint was filed, a resident citizen of Memphis, Shelby County, Tennessee.

11.      This action is a civil action for personal injury, as a result of a motor vehicle accident occurring in Lonoke County, Arkansas, on February 4, 2011.

12.      This Court has original jurisdiction of this action pursuant to 28 U.S.C. Section 1332(a) (1) and (c) as the suit is between citizens of different states, and as the amount in controversy exceeds the sum of $75,000.00 exclusive of interests and costs.

13.      This Notice of Removal is being filed with this Court within thirty (30) days of service on the removing Defendant, UPS Ground Freight, Inc.

14.      Because complete diversity existed between Plaintiff and Defendant at the time Plaintiff commenced this action in state court and exists as of the time of the filing of this Notice of Removal and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, this Court has original jurisdiction over this action as defined in 28 U.S.C. § 1332(a)(1).

**WHEREFORE,** UPS requests that the above-styled action be removed from the Second Division of the Circuit Court of Lonoke County, Arkansas to the United States District Court for the Eastern District of Arkansas, the district court embracing Lonoke County.

Respectfully Submitted,

**GLASSMAN, EDWARDS, WYATT, TUTTLE & COX, P.C.**

**BY:** _____ **/s/ Robert A. Cox, Esquire** _____
**Robert A. Cox, Esquire (TN BPR# 14279)**
Attorney For Defendants
26 N. Second Street
Memphis, TN  38103
(901) 527-4673 – Telephone
(901) 527-5320 – Facsimile
*rcox@gewwlaw.com*
*(Our File #11-041R)*
*Counsel for Defendant, UPS Ground Freight, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been filed with

the Clerk of the Court and has been served:

> *(Via E-Mail Only:  pmiller@aristotle.net)*
> Mr. Peter Miller, Esquire
> **The Law Offices of Peter Miller**
> 1601 Broadway
> Little Rock, AR  72206

**This the 18th day of April, 2011.**

_____ **/s/ Robert A. Cox, Esquire** _____
**Robert A. Cox, Esquire**

4

04/15/2011  11:43   5016762316          CIRCUIT CLERK                    PAGE  02/02

From:GEWW               9015275320        04/14/2011 23:07   #985 P.003/049

**FILED**

IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
SECOND DIVISION

2011 APR 15  AM 11: 30

LONOKE COUNTY CLERK
DENISE BROWN

BY _____

| | |
|---|---|
| WILLIAM GUMBY, | § |
| Plaintiff, | § |
| | § |
| vs. | §    No.  CV-2011-188 |
| | §    Jury Demanded |
| UPS GROUND FREIGHT, INC. | § |
| And ALLEN HOWARD, | § |
| Defendant. | § |

---

## NOTICE OF FILING NOTICE OF REMOVAL

COMES NOW the Defendant, UPS Ground Freight, Inc., by and through counsel of record, Glassman, Edwards, Wyatt, Tuttle & Cox, P.C., and files the attached Notice of Removal of the above pending action to the United States District Court for the Eastern Division of Arkansas.

Respectfully Submitted,

*GLASSMAN, EDWARDS, WYATT, TUTTLE & COX, P.C.*

BY: _____

Tim Edwards, Esquire (ARK BPR#2010111)
Robert A. Cox, Esquire (TN BPR# 14279)
Attorney For Defendants
26 N. Second Street
Memphis, TN 38103
(901) 527-4673 – Telephone
(901) 527-5320 – Facsimile
rcox@gewwlaw.com
*(Our File #11-041R)*
*Counsel for Defendant UPS Ground Freight, Inc.*

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Notice of Removal has been filed with

the Clerk of the Court, using the CM/ECF system, and has been served:

>   *(Via E-Mail Only:  pmiller@aristotle.net)*
>   Mr. Peter Miller, Esquire
>   *The Law Offices of Peter Miller*
>   1601 Broadway
>   Little Rock, AR  72206

**This the _/5_ day of April, 2011.**

**Tim Edwards, Esquire**

IN THE **CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS**
**THIRD DIVISION**
**SUMMONS**

**PLAINTIFF:   WILLIAM GUMBY**
(If not represented by an attorney, give
address)_____

**Vs. No.: CV-2011-188**

**DEFENDANT:   UPS GROUND FREIGHT INC. C/O CORPORATION SERVICE COMPANY**

PLAINTIFFS attorney: PETER MILLER 1601 SO BROADWAY ST LITTLE ROCK, AR   72206

**THE STATE OF ARKANSAS TO DEFENDANT: UPS GROUND FREIGHT INC**
                                **C/O CORPORATION SERVICE COMPANY**
                                **300 SPRING BLDG SUITE 900**
                                **LITTLE ROCK AR   72201**
                                **NOTICE**

1.  You are hereby notified that a lawsuit has been filed against you; the relief asked in the attached complaint.

2.  The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present your defense.   Your pleading or answer must meet the following requirements:

    A.  It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.

    B.  It must be filed in the court clerk office within 30 (THIRTY) days from the day that you were served with the summons.

3.  If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.

    **Additional Notices:**

    WITNESS my hand and seal of the court this MARCH 18, 2011

County Courthouse
P.O. Box 219
Lonoke, AR 72086-0219                                   **DENISE BROWN, Clerk**

**(SEAL)**                                              By:_____

Received for service this_____day of_____, 20___, at_____M.

_____Sheriff:
By:_____
STATE OF ARKANSAS, COUNTY OF LONOKE:
On this_____day of_____, 201__at_____o'clock___M., I have duly served the within summons by delivering a copy thereof (for stating the substance thereof), together with a copy of the complaint, to _____, such person being:

**CHECK WHERE APPLICABLE:**
_____The person named therein as defendant.
_____A member of the defendant's family, above the age of 14 years of age at the defendant's usual place of abode, namely_____.
_____The duly designated agent for service of process for the defendant, namely_____.
_____OTHER:

_____SHERI
                                               By:_____



IN THE **CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS**
**THIRD DIVISION**
**SUMMONS**

**PLAINTIFF:  WILLIAM GUMBY**
(If not represented by an attorney, give
address)_____    _____

**Vs. No.: CV-2011-188**

**DEFENDANT:  ALLEN HOWARD**

PLAINTIFFS attorney: PETER MILLER 1601 SO BROADWAY ST LITTLE ROCK, AR  72206

**THE STATE OF ARKANSAS TO DEFENDANT: ALLEN HOWARD 2531 DERBYSHIRE AVE**
**MEMPHIS, TN 38127**

**NOTICE**

1.  You are hereby notified that a lawsuit has been filed against you; the relief asked in the attached complaint.

2.  The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present your defense.  Your pleading or answer must meet the following requirements:

      **A.**  It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.

      **B.**  It must be filed in the court clerk office within 30 (THIRTY) days from the day that you were served with the summons.

3.  If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.

      **Additional Notices:**

      **WITNESS my hand and seal of the court this MARCH 18, 2011**

**County Courthouse**
**P.O. Box 219**
**Lonoke, AR 72086-0219**                                    **DENISE BROWN, Clerk**

**(SEAL)**                                        By: _____

Received for service this_____day of_____, 20___, at_____M.

_____Sheriff:
By:_____
STATE OF ARKANSAS, COUNTY OF LONOKE:
On this_____day of_____, 201__at_____o'clock___M., I have duly served the within summons by delivering a copy thereof (for stating the substance thereof), together with a copy of the compaint, to _____, such person being:

**CHECK WHERE APPLICABLE:**
_____The person named therein as defendant.
_____A member of the defendant's family, above the age of 14 years of age at the defendant's usual place of abode, namely_____.
_____The duly designated agent for service of process for the defendant, namely_____.
_____OTHER:

_____                    _____**SHERI**
                                               By:_____

FILED

3-18-11  AM 11:52

2011 MAR ?

LONOKE COUNTY CLERK
DENISE BROWN
PLAINTIFF
BY_____

**IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS**
**_____ DIVISION**

WILLIAM GUMBY

vs.                                          Case No. CV-2011-188

UPS GROUND FREIGHT, INC.,                          **DEFENDANTS**
and ALLEN HOWARD

### COMPLAINT

COMES NOW the Plaintiff, William Gumby, by and through his undersigned attorneys,

THE LAW OFFICES OF PETER A. MILLER, and for his complaint against UPS Ground

Freight, Inc., and Allen Howard does allege, aver, and state:

### JURISDICTION and VENUE

1. Plaintiff William Gumby (Plaintiff) is a resident of Lonoke County, Arkansas, and was

so at all times mentioned herein.

2. Defendant UPS Ground Freight, Inc. (UPS) is a Virginia Corporation. Service may be

had by serving its registered agent, Corporation Service Company, 300 Spring Building, Ste. 900,

300 S. Spring St., Little Rock, AR 72201. At all times relevant herein, UPS operated as a

commercial motor carrier in the state of Arkansas.

3. Defendant Allen Howard (Howard) is an individual residing at 2531 Derbyshire Ave.,

Memphis, TN 38127. At all times relevant herein, Howard was an employee of UPS, operating

UPS's freight truck.

4. The events giving rise to this cause of action occurred at mile marker 170.5 on

interstate I-40 in Lonoke County, Arkansas. This Court has jurisdiction of the parties and the

subject matter herein, and this is the proper venue for this cause of action.

Page 1 of 3

## FACTS

5. On February 4, 2011, at approximately 12:47 a.m., Plaintiff was traveling westbound on interstate I-40, near Lonoke, Lonoke County, Arkansas, in a vehicle specifically described as a 2011 gray Chevrolet Silverado pick-up truck (VIN 3GCPCSE05BG164272).

6. At said time near mile marker 170.5 and Farmers Overpass, Defendant Howard was also headed westbound behind Plaintiff operating a vehicle specifically described as a double tractor-trailer (VIN 1HSDGSJNXBJ366250) owned by UPS.

7. At said time and location, Plaintiff Gumby's vehicle was struck in the rear by Defendant Howard driving the UPS double tractor-trailer, forcing Plaintiff's vehicle to off the roadway, into and through a guardrail, and then up the side of Farmers Overpass, through east guardrail of the overpass, and finally coming to rest after striking the west guardrail of the overpass.

8. At the time of the collision, Defendant Howard was acting within the course and scope of his employment as a driver for UPS.

## CLAIMS and DAMAGES

9. Defendant Howard is guilty of negligence which was the proximate and actual cause of the above described accident, such negligent acts being:

    a.      Failing to keep a lookout for other vehicles on the highway;

    b.      Failing to keep the motor vehicle he was driving under proper control in order to avoid damaging himself and others on the road;

    c.      Failing to reduce his speed, stop, or changes lanes to avoid a collision;

    d.      Violating the applicable statutes of the State of Arkansas.

10. That as a direct and proximate result of the negligence and carelessness of Defendant Howard, Plaintiff sustained property damage and severe personal injuries; as a result of this Plaintiff suffered physical injury, pain and mental distress, and incurred medical bills for treatment and care, and will sustain pain, mental distress, and medical bills for treatment and care in the future.

11. Howard is liable in damages to Plaintiff for all injuries and property damage as a result of his negligence.

12. UPS is liable for the negligent acts of Howard pursuant to the doctrine of Respondeat Superior.

13. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff requests this Court to grant him a jury trial and award him judgment against the Defendants in a sum which will reasonably compensate him for his past and future damages and for cost, interest, and attorney's fees, and grant him all other just and proper relief to which he may be entitled.

Respectfully submitted,

THE LAW OFFICES OF
PETER A. MILLER
1601 Broadway
Little Rock, Arkansas  72206
(501) 374-6300
FX:    (501) 374-1244
pmiller@aristotle.net

By: _____
Peter Miller, Ark. Bar # 80103
Attorney for Plaintiff

Page 3 of 3

FILED

IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS 2011 MAR 18  AM 11: 52
_____ II _____ DIVISION

LONOKE COUNTY CLERK
DENISE BROWN

WILLIAM GUMBY                                                    PLAINTIFF

BY

vs.                                        Case No. CV-2011-188

UPS GROUND FREIGHT, INC.,                              DEFENDANTS
and ALLEN HOWARD

INTERROGATORIES TO DEFENDANT DRIVER HOWARD

Comes now the Plaintiff, William Gumby, and propounds the following Interrogatories

and Requests for Production of Documents to the Defendants, to be answered under oath and

within the time allowed under the Arkansas Rules of Civil Procedure.

**Background Information**

INTERROGATORY NO.:1. Please state your name, age, address, and if you are

answering for someone else, your official position.

INTERROGATORY NO.:2. Please state your occupation and business address.

INTERROGATORY NO.:3. Please state your social security number.

INTERROGATORY NO.:4. Please state your residence address on the date of the

incident which is the subject of this law suit.

INTERROGATORY NO.:5. If you are married or were married at the time of the

accident, give the following information with respect to each such marriage:

      a. The name of your spouse.

      b. The place of the marriage.

      c. The date of your marriage.

      d. If such marriage was terminated by death or divorce.

Page 1 of 18

e. The date of termination of such marriage

f. If terminated by divorce, the name of the court in which the divorce took place. and present address of your spouse so divorced.

INTERROGATORY NO.:6. Were you employed within the last six (6) months prior to the accident? Please state the place of your employment, supervisors, type of work, and the length of time you were employed at each place of employment.

INTERROGATORY NO.:7. Have you changed employers since the date of the incident in question. If so, please set forth the name and address of each such employer and the dates worked for each.

INTERROGATORY NO.:8. Were you suffering from physical infirmity, disability, or sickness at the time of the occurrence of the accident described in the complaint?

INTERROGATORY NO.:9. If your answer to the preceding interrogatory is in the affirmative, please state as to each condition.

a. A full and complete description of any such condition including its nature, extent, and severity.

b. The duration of time, in months and days, that you had any such condition prior to this accident.

c. Any medical or hospital examination, treatment or care you had received for any such condition.

d. The names and addresses of any doctors or hospitals involved in the examination, treatment or care for any such condition.

e. The dates of each and every such examination, treatment or care for any such

Page 2 of 18

condition.

f. Your entire medical history as it as relates in any way to any such condition.

INTERROGATORY NO.:10. Have you ever been convicted of a crime?  If so, what was the date and place of conviction?

INTERROGATORY NO.:11. Do you wear glasses or contact lens?  If so, who prescribed them, when were they prescribed, when were your eyes last examined and by whom?

INTERROGATORY NO.:12. Please describe the extent of your vision just before the accident, both corrected and uncorrected.

INTERROGATORY NO.:13. If your eyesight vision in either eye at the time of the accident was below normal without the use of eyeglasses or other corrective lenses, please state:

> a. The nature and extent of the limitation of your vision below normal in your right eye.
>
> b. The nature and extent of the limitation of your vision below normal in you left eye.

INTERROGATORY NO.;14. Were you wearing eyeglasses or other corrective lenses at the time of the accident?

INTERROGATORY NO.15. At the time of the accident, if you were not wearing your eyeglasses or other corrective lenses, please explain in full detail why you were not.

INTERROGATORY NO.:16. At the time of the accident, were you wearing dark, colored or sunglasses?

INTERROGATORY NO.:17. If your answer to the preceding interrogatory is in the affirmative, please state:

    a.  A full description of such glasses.

    b.  Whether or not such glasses were prescription glasses.

    c.  The location where such glasses maybe examined.

INTERROGATORY NO.:18. Do you wear a hearing aid?  If so, when were your ears last examined and by whom?

INTERROGATORY NO.:19. At the time and place of the incident, did you have a CDL, commercial driver's license?

REQUEST FOR PRODUCTION NO.:1. Please provide a front and back copy of your commercial driver's license.

INTERROGATORY NO.:20. Have you received any traffic tickets in the  past twelve (12) months.  If so, state the following:

    a.  The nature of the offense.

    b.  The state and county in which the offense took place.

    c.  The date of the events.

    d.  The outcome of events.

INTERROGATORY NO.:21. Do you have liability insurance coverage that protects you from the damages sought by the complaint?  If so:

    a.  What is the name of all insurance companies having coverage?

    b.  What is the extent of coverage provided in the policy or policies of insurance, including coverage for both personal injury and property damage.

Page 4 of  18

c. What are the policy numbers of each policy ?

INTERROGATORY NO.:22. Please state whether you have been involved in any other accidents while driving a tractor-trailer. Please include in you answer the following:

    a.      The date of such accident;

    b.      The location of such accident;

    c.      The party against whom fault was assessed by police; and

    d.      Whether a lawsuit was filed by either party, the court in which it was filed, and the case number.

INTERROGATORY NO.:23. Please state whether you are aware of any newspapers articles concerning the incident complained of by the plaintiff(s), and if your answer is affirmative, state the dates of such articles and the newspapers in which they appeared.

INTERROGATORY NO.:24. When was the last time you obtained any information from the Driver Safety Measurement System (DSMS) or the Pre-employment Screening Program(PSP)?

INTERROGATORY NO.:25. Identify all Compliance Safety Accountability (CSA) interventions taken against you for any reason, specifically including any notice of violation or notice of claim.

INTERROGATORY NO.:26. Have you ever obtained your driver profile from the Motor Carrier Management Information System (MCMIS) or PSP?

REQUEST FOR PRODUCTION NO.:2. Please produce your individual record on file with the Federal Motor Carrier Safety Administration.

## Information Concerning the Accident

INTERROGATORY NO.:27. Is Exhibit 1 a true and correct copy of the statement you gave to the police office immediately after the accident?

INTERROGATORY NO.:28. Does the narrative given in the police report on page 4 (Exhibit 2) give an accurate account of the events of the accident?

INTERROGATORY NO.:29. If the answer to the above interrogatory is in the affirmative, please explain in as much detail as possible why you failed to see Plaintiff in front of you.

INTERROGATORY NO.:30. Describe in detail how the accident happened, stating in your answer all events relating thereto in sequential order, including all actions taken by you to prevent the accident.

INTERROGATORY NO.:31. Please state as accurately as you can the speed you were traveling at the time of the incident and the facts on which you base that estimate; the speed applicable to the section of road on which your vehicle was traveling immediately prior to the accident; and whether you applied the brakes on your vehicle prior to impact.

INTERROGATORY NO.:32. Please state as accurately as you can the time when the incident happened, giving the date, hour and minute as nearly as possible.

INTERROGATORY NO.:33. Please state whether you were listening to anything at the time of the incident, for example the radio, cd/tape player, mp3 player, or CB radio.

INTERROGATORY NO.:34. Please state whether you were using a car phone, cell phone, or similar device at the time of the incident complained of.

INTERROGATORY NO.:35. Please identify your car phone or cellular phone number

and identify the name of the service provider that you used at the time of the incident complained of.

REQUEST FOR PRODUCTION  NO. :3. Please produce a copy of your cellular phone bill for the day of the incident.

INTERROGATORY NO.:36. Did you or any agent or employee of yours prepare, submit or make any written statement or report of this incident?

INTERROGATORY NO.:37. If your answer to the preceding interrogatory is in the affirmative, please state:

      a.  The date of any such written statement or report.

      b.  The substance and contents of any such written statement or report.

REQUEST FOR PRODUCTION NO.:4. If you answer to Interrogatory No. 36 is in the affirmative, please provide a copy of any such statement.

INTERROGATORY NO.:38.  Please state whether you ever made or gave any oral statements to anyone regarding the happenings of this incident, and if your answer is in the affirmative, please state:

      a.  The name and address of the each person to whom you made or gave any such statement.

      b.  The date of each such statement.

      c. The substance and content as best you recall, of any such statement.

INTERROGATORY NO.:39. If you have asserted that your vehicle or the vehicle you were driving malfunctioned, please state the following:

      a. Specifically, what part(s) malfunctioned.

    b. When was the last time prior to this incident that this part had malfunctioned?

     Explain in detail what occurred and how the problem was remedied.

INTERROGATORY NO.:40. If this part had been repaired, either before or after this incident, state:

    a. Who performed the work, stating names, addresses and phone numbers.

    b. The date(s) of repair(s).

    c. The cost(s) of repair(s).

INTERROGATORY NO.:41. Did you consume any alcoholic beverages or take any drugs or medication within twelve hours before the occurrence of the accident described in the complaint? If so, what type and amount of alcoholic beverages, drugs or medications were consumed and where did you consume them?

INTERROGATORY NO.:42. If applicable, describe in detail each act or omission on the part of the plaintiff you contend constituted negligence that was a contributing factor or legal cause of the accident in question.

### Evidentiary Information

INTERROGATORY NO.:43. List the names and addresses of all persons believed or known by you, your agents or attorneys, who have any knowledge concerning any of the issues raised by the pleading and specify the subject matter about which such person has knowledge.

INTERROGATORY NO.:44 . List the name, residence address, business address and telephone number of each person believed or known by you, your agents or attorneys who have heard or purported to have heard the plaintiff make any statement, remark, or comment

concerning the accident described in the complaint and the substance of each statement, remark or comment.

INTERROGATORY NO.:45 . List any and all items you intend to offer as exhibits at trial, and describe each and explain how it supports your case. In the alternative, attach copies of all such exhibits to your answers.

INTERROGATORY NO.:46. Identify and describe any and all demonstrative evidence you intend to use at trial, and describe how it supports your case. In the alternative, attach copies of all such evidence to your answers.

INTERROGATORY NO.:47.  Have you or any agent, employee or attorney of yours ever obtained, or presently have in your possession a statement, either signed or unsigned, from the plaintiff concerning the incident?

INTERROGATORY NO.:48.  If your answer to the preceding interrogatory is in the affirmative, please state:

> a.  The date on which such statement was taken.

> b.  The substance of such statement.

REQUEST FOR PRODUCTION NO.:5. If the answer to Interrogatory No. 47 is in the affirmative, please produce a copy of such statement.

INTERROGATORY NO.:49.  Do you or does any agent or employee of yours have possession or control of, or know of the existence of any maps, pictures, photographs, drawing, diagrams, measurements or other written or recorded descriptions of the incident, the scene of the incident, or the areas or persons involved?

INTERROGATORY NO.:50.  If your answer to the preceding interrogatory is in the

affirmative, please state for each such item:

    a. Its nature.

    b. Its specific subject matter.

    c. The date and time it was made or taken.

    d. The identification, including name, address and present whereabouts of the

    person making or taking it.

    e. Its present location.

    f. The identification, including name and address of the person at whose request it

    was made or taken.

REQUEST FOR PRODUCTION NO.:6. If the answer to Interrogatory No. 49 is in the

affirmative, please produce a copies of any such maps, pictures, photographs, drawing, diagrams,

measurements or other written or recorded descriptions of the incident, the scene of the incident,

or the areas or persons involved.

INTERROGATORY NO.:51. Were you charged with any violation of law arising out of

the incident referred to in the complaint?  If so:

    a. What plea did you enter to the charge?

    b. Which court was the charge heard in?

    c. What was the nature of the charge?

    d. Was the testimony at any trial on the charge recorded in any manner, if so,

       what was the name and address of the person who recorded the

       testimony?

REQUEST FOR PRODUCTION NO.: 7. If the answer to the previous interrogatory is in

the affirmative, please produce a copy of any ticket or citation of the violation.

INTERROGATORY NO.:52. Do you intend to call any non-medical witnesses at the trial of this case? If so, please identify each witness, including his name, phone number, and address; describe his qualifications as an expert; state the subject matter upon which he is expected to testify; state the substance of the facts and opinions to which he is expected to testify; and give a summary of the grounds for each opinion.

INTERROGATORY NO.:53. List the names, business addresses and business telephone numbers of all medical doctors by whom, and all hospitals at which, you have been examined and\or treated in the past five years.

INTERROGATORY NO.:54. Do you intend to call any medical witnesses at the trial of this case? If so, please identify each witness, including his name, phone number, and address; describe his qualifications as an expert; state the subject matter upon which he is expected to testify; state the substance of the facts and opinions to which he is expected to testify; and give a summary of the grounds for each opinion.

INTERROGATORY NO.:55. If you have insurance, are you aware that your insurance carrier has an obligation to settle this claim in good faith?

### Information Regarding the Specifics of the Motor Vehicle and its Trip

INTERROGATORY NO.:56. Please state your destination, and if applicable, your required time of arrival at the destination, at the time of the accident on February 4, 2011, and include your point of origin for that date and the time you left it.

INTERROGATORY NO.:57. State your purpose in driving to the destination indicated in the interrogatory above and describe the exact route that you followed from the point where your

trip commenced to the point where the accident occurred.

INTERROGATORY NO.:58. Please state the name, address and telephone number of the place where you slept, eight hours prior to the accident of February 4, 2011.

INTERROGATORY NO.:59. Please state the recommended load capacity for the type of tractor-trailer you were operating on February 4, 2011.

INTERROGATORY NO.:60. Please state the weight and identity of the load that you were carrying on February 4, 2011.

INTERROGATORY NO.:61. Please state whether you are required to maintain logbooks for the vehicle you were driving on February 4, 2011.

REQUEST FOR PRODUCTION NO.:8. If the answer to the previous interrogatory is in the affirmative, please provide a copy of the log book, especially for the dates of February 1-5, 2011.

INTERROGATORY NO.:62. Please state whether a maintenance log is required on the vehicle you were driving on February 4, 2011.

REQUEST FOR PRODUCTION NO.:9. If the answer to the previous interrogatory is in the affirmative, please provide a copy of the maintenance log for 30 days prior to and after the accident.

INTERROGATORY NO.:63. Please state the time and location of the weigh station you last entered prior to the accident of February 4, 2011.

INTERROGATORY NO.:64. Was the motor vehicle you were driving at the time of the accident equipped with telematics equipment, and if so, who is the manufacturer and what is the model name and number?

Page 12 of 18

INTERROGATORY NO.:65. Was the motor vehicle you were driving at the time of the accident equipped with an Electronic On-Board Recorder, and if so, what who is the manufacturer and what is the model name and number?

INTERROGATORY NO.:66. Was the motor vehicle you were driving at the time of the accident equipped with an electronic hours of service software module, and if so, who is the manufacturer and what is the model name and number?

INTERROGATORY NO.:67. Was the motor vehicle you were driving at the time of the accident equipped with a vehicle monitoring system, and if so, who is the manufacturer and what is the model name and number?

INTERROGATORY NO.:68. Was the motor vehicle you were driving at the time of the accident equipped with a GPS system, and if so, who is the manufacturer and what is the model name and number?

INTERROGATORY NO.:69. Was the motor vehicle you were driving at the time of the accident equipped with any geospatial technology, and if so, who is the manufacturer and what is the model name and number?

INTERROGATORY NO.:70. Was the motor vehicle you were driving at the time of the accident equipped with any detection and avoidance system, and if so, who is the manufacturer and what is the model name and number?

REQUEST FOR PRODUCTION NO.:10. If the answer to any of the above interrogatories (Nos.64-70) is in the affirmative, please produce:

> a. Any and all e-log books, especially for February 1-5, 2011, including the audit trail from any Electronic On-Board Recorder.

b. Any hours of service report or data in printed or electronic form for the 24 hour
period before and after the accident relating to:

    i. Total time driving since last qualified rest;

    ii. Driver available hours report;

    iii. Driver log summary;

    iv. Driver violations report;

    v. Beginning date of on duty;

    vi. Start time of on duty;

    vii. Cumulative drive time;

    viii. Total miles driven;

c. Any and all reports or data in printed or electronic form relating to speeding,
hard breaking, hard acceleration, and sudden stops for the 24 hour period before
and after the accident.

d. Any and all reports or data in printed or electronic form relating to GPS
tracking, mapping, two-way messaging, and real-time traffic data for the 24
hour period before and after the accident.

e. Any other safety analytics report or data in printed or electronic form for the 24
hour period before and after the accident;

f. Any other driver productivity report or data in printed or electronic form for the
24 hour period before and after the accident;

g. Any other vehicle performance report or data in printed or electronic form for
the 24 hour period before and after the accident;

h. Any other report or data in printed or electronic form relating to the accident.

i. Any and all recordings/print-outs of the detection and avoidance system for the

24 hour period before and after the accident.

INTERROGATORY NO.:71. Was the motor vehicle you were driving at the time of the accident equipped with a video monitoring system, who is the manufacturer and what is the model name and number?

REQUEST FOR PRODUCTION NO.:11. If the answering to the above interrogatory was in the affirmative, please provide a copy of the video for the 24 hour period before and up until the accident, or in the alternative, the name, business and home address, telephone number, and email address of the person in possession of said video.

INTERROGATORY NO.:72. Find herein attached three releases for your signature. Please sign them and return them with your answers to these interrogatories.

Respectfully submitted,

THE LAW OFFICES OF PETER A. MILLER
1601 Broadway
Little Rock, AR 72206
(501) 374-6300

By: _____
Peter A. Miller,  Attorney at Law

## PERMISSION TO RELEASE DRIVING RECORDS AND REPORTS

Re: Allen Howard
      Tennessee Driver's License Number:63598224


        The undersigned hereby authorizes you to give to Peter Miller, ATTORNEY AT LAW, or any representative of her firm, THE LAW OFFICES OF PETER A. MILLER, all information relative to the undersigned's  driving record and to permit such person to copy or photostat or have copies of photostats made of any record or report concerning said driving record.



_____

Allen Howard


_____

Date

## PERMISSION TO RELEASE CRIMINAL RECORDS AND REPORTS

Re: Allen Howard
 Tennessee Driver's License Number: 63598224
 Date of Birth:08/10/66

 The undersigned hereby authorizes you to give to Peter Miller, ATTORNEY AT LAW, or any representative of her firm, THE LAW OFFICES OF PETER A. MILLER, all information relative to any criminal record of the undersigned and to permit such person to copy or photostat or have copies of photostats made of any record or report concerning said criminal record.

_____

Allen Howard

_____

Date

**LIMITED PERMISSION TO RELEASE TELEPHONE RECORDS**

Re: Allen Howard
    SSN:

        Phone Number:

        You are hereby authorized to give to Peter Miller, Attorney at Law, or any representative of THE LAW OFFICES OF PETER A. MILLER, a copy of the above referenced person's cellular phone bill for billing period which includes calls placed or received on 6/25/2005

_____

Allen Howard

_____

Date

FILED

IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
2011 MAR 18  AM 11: 52
_____ _____ DIVISION

LONOKE COUNTY CLERK
PLAINTIFF DENISE BROWN

WILLIAM GUMBY

vs.                              Case No. C V-2011-188          BY _____ D.C

UPS GROUND FREIGHT, INC.,                          DEFENDANTS
and ALLEN HOWARD

### INTERROGATORIES TO DEFENDANT UPS

Comes now the Plaintiff, William Gumby, and propounds the following Interrogatories

and Requests for Production of Documents to the Defendant, to be answered under oath and

within the time allowed under the Arkansas Rules of Civil Procedure.

### **Background Information**

INTERROGATORY NO.:1.  Please identify the person or persons answering these

interrogatories on behalf of defendant corporation, giving the full name, residence, business

address and occupation.

INTERROGATORY NO.:2.  Please identify all persons who assisted in preparing

responses to these interrogatories.

INTERROGATORY NO.:3 Please state the full name of the Defendant business entity

and all parent companies and subsidiaries.

INTERROGATORY NO.:4.  Please identify all of defendant Howard's employers for the

ten years immediately preceding today's date and for each describe the job and give the dates of

employment, that entity's full name; principal address of the business; telephone numbers; and

the names, addresses, and titles of his immediate supervisors.

INTERROGATORY NO.:5. Has Defendant Howard changed employers since the date of the incident in question. If so, please set forth the name and address of each such employer and the dates worked for each.

INTERROGATORY NO.:6. Describe and explain in detail the method of calculating Howard's pay, compensation, wages, salary, bonus, or commission at the time of the accident and one year prior.

INTERROGATORY NO.:7. Please list all books, procedure manuals, personnel policy manuals, compendia of rules and regulations and company policy that applied to Howard at the time he was employed by Defendant UPS.

REQUEST FOR PRODUCTION NO.:1. Please provide copies of all books, procedure manuals, personnel policy manuals, compendia of rules and regulations and company policy that applied to Howard at the time he was employed by Defendant UPS.

INTERROGATORY NO.:8. Please list all documents, forms, releases and papers that Howard signed or executed at the time of his first becoming employed by Defendant UPS.

REQUEST FOR PRODUCTION NO.:2. Please provide copies of all documents, forms, releases and papers that Howard signed or executed at the time of his first becoming employed by Defendant UPS.

INTERROGATORY NO.:9. Please list all traffic tickets or citations for moving violations that Howard received in the ten years immediately preceding the date of the accident and for each please state how Defendant UPS came to know of these citations.

REQUEST FOR PRODUCTION NO.:3. Please provide any copies UPS has of any traffic tickets or moving violations that Howard received in the ten years immediately before the date of the accident.

INTERROGATORY NO.:10. Other than the accident at issue, please list all other incidents involving an alleged personal injury in which Howard has been involved, either as an operator or passenger. Please include in you answer the following:

        a.     The date of such accident;

        b.     The location of such accident;

        c.     The party against whom fault was assessed by police; and

        d.     Whether a lawsuit was filed by either party, the court in which it was filed, and the case number.

INTERROGATORY NO.:11. Has Howard ever been convicted of a crime? If so, what was the date and place of conviction?

INTERROGATORY NO.:12. Was Howard suffering from physical infirmity, disability, or sickness at the time of the occurrence of the accident described in the complaint?

INTERROGATORY NO.:13. If your answer to the preceding interrogatory is in the affirmative, please state as to each condition.

        a. A full and complete description of any such condition including its nature, extent, and severity.

        b. The duration of time, in months and days, that you had any such condition prior to this accident.

c. Any medical or hospital examination, treatment or care Howard had received for any such condition.

d. The names and addresses of any doctors or hospitals involved in the examination, treatment or care for any such condition.

e. The dates of each and every such examination, treatment or care for any such condition.

f. Howard's entire medical history as it as relates in any way to any such condition.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.:4. Please provide the following:

a.    A complete copy of Howard's personnel record to date.

b.    A complete copy of Howard's health record.

c.    Post trip inspection report of the vehicle for the period immediately subsequent to the time of the accident.

d.    The safety inspection report for the vehicle most recently prior to the date of the accident.

e.    Defendant Howard's medical card that was in effect at the time of the accident.

f.    Defendant Howard's Qualification Card (front and back) .

g.    Front and back of Defendant Howard's driver's license with endorsements that was in effect on the date of the accident.

h.    Log for the 28 day period directly preceding and up to the time of the accident.

i.    Shipping papers for the load that was being carried at the time of the accident.

j.      Shipping manifest for the load that was being carried at the time of the
        accident.

k.      If applicable, authority to haul.

l.      A copy of the last mechanical inspection report immediately before the date of
        the accident.

m.      A copy of the first mechanical inspection report immediately subsequent to the
        date of the accident.

INTERROGATORY NO.:14. Who at UPS verifies whether Howard was in compliance
with federal safety regulations? Please give their name, address, telephone number, and official
title.

INTERROGATORY NO.:15. At any time during the sixty days prior to and the sixty
days subsequent to the accident, did Defendant Howard undergo drug and/or alcohol testing.

INTERROGATORY NO.:16. If the answer to the preceding interrogatory is in the
affirmative, please state the person or entity who administered the test, the date of the test or
tests, the outcome or findings of the test or tests and the location of or entity who has possession
of the test results.

REQUEST FOR PRODUCTION NO.:5. Please provide any reports or data in printed or
electronic form regarding results from the aforementioned drug and/or alcohol tests.

INTERROGATORY NO.:17. Prior to the accident, was Howard's motor vehicle license
ever revoked, suspended or withdrawn by any licensing authority.

INTERROGATORY NO.:18. If the answer to the preceding interrogatory is in the
affirmative, describe in detail the name of the licensing authority, the licensing authority's action,

including the date of each such revocation, suspension, or withdrawal; the duration, giving

inclusive dates for each such revocation, suspension or withdrawal; the basis and reasons for

each such suspension, revocation or withdrawal; and for each such suspension, revocation or

withdrawal involving drugs or alcohol, state the name of the drug or alcoholic beverage involved,

the amount consumed or ingested , and any chemical test results obtained at the time.

INTERROGATORY NO.:19. Do you have liability insurance coverage that protects you

from the damages sought by the complaint? If so:

     a.  What is the name of all insurance companies having coverage?

     b.  What is the extent of coverage provided in the policy or policies of insurance,

     including coverage for both personal injury and property damage.

     c.  What are the policy numbers of each policy ?

INTERROGATORY NO.:20. If you have insurance, are you aware that your insurance

carrier has an obligation to settle this claim in good faith?

INTERROGATORY NO.:21. Please state whether you are aware of any newspapers

articles concerning the accident complained of by the plaintiff(s), and if your answer is

affirmative, state the dates of such articles and the newspapers in which they appeared.

### Information Concerning the Accident

INTERROGATORY NO.:22. Describe in detail how the accident happened, giving all

events in detail in the order in which they occurred, before, during and after the occurrence,

which had any bearing on the cause and manner of the happening of the occurrence.

INTERROGATORY NO.:23. Identify each occupant of the defendant's vehicle at the

time of the accident.

INTERROGATORY NO.:24. Identify every person known to have observed the accident.

INTERROGATORY NO.:25. With respect to the accident which is the subject of the Complaint, please set forth your estimate of the speed at which your vehicle was traveling at the time of impact and any facts upon which you base that estimate.

INTERROGATORY NO.:26. Immediately following the accident of February 4, 2011, please state:

        a. The person at UPS who was first notified of the accident.

        b. The date and time this person was notified.

        c. Whether anyone at UPS created a written record of the accident, and if so,
           by whom was it created.

        d. Is this record kept in any Vehicle Accident Investigation File or its equivalent?

        e. Is this record kept in the ordinary course of business?

INTERROGATORY NO.:27. Please identify each person in the employ of Defendant UPS or Defendant's insurance carrier who was present at the location of the accident or any time after the accident. For each, please provide his/her name, address, company affiliation, and specific activity or role at the scene (for example: "photographer," "accident investigator," "medical personnel," "UPS rick management," etc.).

REQUEST FOR PRODUCTION NO.:6. Please produce copies of the entire Vehicle Accident Investigation File for this accident.

INTERROGATORY NO.:28. If the Defendant Howard was examined by any health care provider or medical care institution within twenty-four hours after the occurrence, please identify the medical care institution or health care provider.

INTERROGATORY NO.:29. Did any mechanical defect in the motor vehicle that Defendant Howard was driving at the time of the accident contribute to the occurrence of the accident?  If so, what is the nature of the defect?

INTERROGATORY NO.:30.  If you have asserted that your vehicle or the vehicle Defendant Howard was driving malfunctioned, please state the following:

     a. Specifically, what part(s) malfunctioned.

     b.  When was the last time prior to this incident that this part had malfunctioned? Explain in detail what occurred and how the problem was remedied.

INTERROGATORY NO.:31.  If this part had been repaired, either before or after this incident, state:

     a.  Who performed the work, stating names, addresses and phone numbers.

     b.  The date(s) of repair(s).

     c.  The cost(s) of repair(s).

INTERROGATORY NO.:32. Was Howard charged with any violation of law arising out of the incident referred to in the complaint?  If so.

     a.  What plea did he enter to the charge?

     b.  What court was the charge heard in?

     c.  What was the nature of the charge?

     d.  Was the testimony at any trial on the charge recorded in any manner, if so, what was the name and address of the person who recorded the testimony?

REQUEST FOR PRODUCTION NO.:7. If the answer to the previous interrogatory is in the affirmative, please produce a copy of any ticket or citation of the violation.

INTERROGATORY NO.:33. Does UPS supply a car/cellular phone for Howard?

INTERROGATORY NO.:34. If the answer to the proceeding interrogatory is in the affirmative, Please identify the car/cellular phone number and identify the name of the service provider that was used at the time of the accident complained of.

REQUEST FOR PRODUCTION NO.:8. Please produce a copy of Howard's car/cellular phone bill for the day of the incident.

INTERROGATORY NO.:35. If applicable, describe in detail each act or omission on the part of the plaintiff you contend constituted negligence that was a contributing factor or legal cause of the accident in question.

### Evidentiary Information

INTERROGATORY NO.:36. List the names and addresses of all persons believed or known by you, your agents or attorneys, who have any knowledge concerning any of the issues raised by the pleading and specify the subject matter about which such person has knowledge.

INTERROGATORY NO.:37. List the name, residence address, business address and telephone number of each person believed or known by you, your agents or attorneys who have heard or purported to have heard the plaintiff make any statement, remark, or comment concerning the accident described in the complaint in the substance of each statement, remark or comment.

INTERROGATORY NO.:38. Did you or any agent or employee of yours prepare, submit or make any written statement or report of this incident?

INTERROGATORY NO.:39. If your answer to the preceding interrogatory is in the affirmative, please state:

    a. The date of any such written statement or report.

    b. The substance and contents of any such written statement or report.

REQUEST FOR PRODUCTION NO.:9. Please provide a copy of any written statement or report concerning this accident that UPS has.

INTERROGATORY NO.:40. Please state whether Howard ever made or gave any oral statements to anyone regarding the happenings of this incident, and if your answer is in the affirmative, please state:

    a. The name and address of the each person to whom Howard made or gave any such statement.

    b. The date of each such statement.

    c. The substance and content as best you recall, of any such statement.

INTERROGATORY NO.:41. Have you or any agent, employee or attorney of yours ever obtained, presently have in your possession a statement, either signed or unsigned, from the plaintiff concerning the incident?

INTERROGATORY NO.:42. If your answer to the preceding interrogatory is in the affirmative, please state:

    a. The date on which such statement was taken.

    b. The substance of such statement.

REQUEST FOR PRODUCTION NO.:10. If the answer to Interrogatory No. 41 is in the affirmative, please produce any copy or documentation of the statement.

INTERROGATORY NO.:43. Do you or does any agent or employee of yours have possession or control of, or know of the existence of any maps, pictures, photographs, drawing,

diagrams, measurements or other written or recorded descriptions of the incident, the scene of the incident, or the areas or persons involved?

INTERROGATORY NO.:44. If your answer to the preceding interrogatory is in the affirmative, please state for each such item:

    a. Its nature.

    b. Its specific subject matter.

    c. The date and time it was made or taken.

    d. The identification, including name, address and present whereabouts of the person making or taking it.

    e. Its present location.

    f. The identification, including name and address of the person at whose request it was made or taken.

REQUEST FOR PRODUCTION NO.:11. If the answer to Interrogatory No. 43 is in the affirmative, please produce a copies of any such maps, pictures, photographs, drawing, diagrams, measurements or other written or recorded descriptions of the incident, the scene of the incident, or the areas or persons involved.

INTERROGATORY NO.:45. Do you intend to call any non-medical witnesses at the trial of this case? If so, please identify each witness, including his name, phone number, and address; describe his qualifications as an expert; state the subject matter upon which he is expected to testify; state the substance of the facts and opinions to which he is expected to testify; and give a summary of the grounds for each opinion.

INTERROGATORY NO.:46. Do you intend to call any medical witnesses at the trial of this case? If so, please identify each witness, including his name, phone number, and address; describe his qualifications as an expert; state the subject matter upon which he is expected to testify; state the substance of the facts and opinions to which he is expected to testify; and give a summary of the grounds for each opinion.

INTERROGATORY NO.:47. Have you or your insurance carrier or any agent, employee or other interested person employed the services of an accident reconstructionist or accident reconstruction expert in your investigation of the accident giving rise to this law suit.

INTERROGATORY NO.:48. If the answer to the preceding interrogatory is in the affirmative, please state the opinions or conclusions, if any, made by said person and please submit copies of all reports, diagrams and photographs relevant to that investigation.

INTERROGATORY NO.:49. Please state whether, pursuant to 49 CFR § 382.303, post accident testing was performed on Howard.

INTERROGATORY NO.:50. If the answer to the prior interrogatory is in the affirmative, please identify the person, company, organization, or institution that performed the post accident testing referenced above.

REQUEST FOR PRODUCTION NO.:12. If the answer to Interrogatory No. 48 is in the affirmative, please produce any copies of reports or documentation of the post accident testing, including the results of said testing.

INTERROGATORY NO.:51. If you alleged an affirmative defense in your Answer to Plaintiff's Complaint, please set forth all the affirmative facts or factual contentions that have evidenced support known to you, or anyone acting in your behalf, which you contend support or

corroborate said allegation or defense; the name, business and residence address, and telephone number of each person known to you who claims to have knowledge regarding any such facts; and an identification of each and every writing relating to such contention.

INTERROGATORY NO.:52. Please set forth all the affirmative facts or factual contentions that have evidenced support known to you, or anyone action in your behalf, which you contend support or corroborate you defense that Plaintiff was not injured or damaged in any manner or to the extent alleged in the Complaint; the name, business and residence address, and telephone number of each person known to you who claims to have knowledge regarding any such facts; and an identification of each and every writing relating to such contention.

### Information Regarding the Specifics of the Motor Vehicle and its Trip

INTERROGATORY NO.:53. Identify the US DOT number displayed on the tractor-trailer on the date of the incident.

INTERROGATORY NO.:54. What was the length of the Defendant's vehicle from the nose of the cab to the end of the rear trailer.

INTERROGATORY NO.:55. Please identify by year, make, model, and license plate and vin number the vehicle that Defendant was driving at the time of the occurrence.

INTERROGATORY NO.:56. What was the loaded weight of Defendant Howard's vehicle at the time of the accident.

INTERROGATORY NO.:57. Please state the recommended load capacity for the type of tractor-trailer Howard was operating on February 4, 2011.

INTERROGATORY NO.:58. Please state Howard's destination, and if applicable his required time of arrival at the destination, at the time of the accident on February 4, 2011, and

include his point of origin for that date and the time you left it.

INTERROGATORY NO.:59. State Howard's purpose in driving to the destination indicated in the interrogatory above and describe the exact route that he followed from the point where his trip commenced to the point where the accident occurred.

INTERROGATORY NO.:60. Describe in chronological detail Defendant Howard's activities during the forty-eight hours prior to the accident.

INTERROGATORY NO.:61. Please state the name, address and telephone number of the place where Howard slept, eight hours prior to the accident of February 4, 2011.

INTERROGATORY NO.:62. What was the date of the last brake inspection immediately before the accident?

INTERROGATORY NO.:63. Please state whether Howard was required to maintain logbooks for the vehicle he was driving on February 4, 2011.

REQUEST FOR PRODUCTION NO.:13. If the answer to the previous interrogatory is in the affirmative, please provide a copy of the log book, especially for the dates of February 1-5, 2011.

INTERROGATORY NO.:64. Please state whether a maintenance log is required on the vehicle Howard was driving on February 4, 2011.

REQUEST FOR PRODUCTION NO.:14. If the answer to the previous interrogatory is in the affirmative, please provide a copy of the maintenance log for 30 days prior to and after the accident.

INTERROGATORY NO.:65. Please state the time and location of the weigh station Howard last entered prior to the accident of February 4, 2011.

Page 14 of 17

INTERROGATORY NO.:66. Was the motor vehicle Howard was driving at the time of the accident equipped with telematics equipment, and if so, who is the manufacturer and what is the model name and number?

INTERROGATORY NO.:67. Was the motor vehicle Howard was driving at the time of the accident equipped with an Electronic On-Board Recorder, and if so, what who is the manufacturer and what is the model name and number?

INTERROGATORY NO.:68. Was the motor vehicle Howard was driving at the time of the accident equipped with an electronic hours of service software module, and if so, who is the manufacturer and what is the model name and number?

INTERROGATORY NO.:69. Was the motor vehicle Howard was driving at the time of the accident equipped with a vehicle monitoring system, and if so, who is the manufacturer and what is the model name and number?

INTERROGATORY NO.:70. Was the motor vehicle Howard was driving at the time of the accident equipped with a GPS system, and if so, who is the manufacturer and what is the model name and number?

INTERROGATORY NO.:71. Was the motor vehicle Howard was driving at the time of the accident equipped with any geospatial technology, and if so, who is the manufacturer and what is the model name and number?

INTERROGATORY NO.:72. Was the motor vehicle Howard was driving at the time of the accident equipped with any detection and avoidance system, and if so, who is the manufacturer and what is the model name and number?

REQUEST FOR PRODUCTION NO.:15. If the answer to any of the above

interrogatories (Nos.66-72) is in the affirmative, please produce:

    a. Any and all e-log books, especially for February 1-5, 2011, including the audit

       trail from any Electronic On-Board Recorder.

    b. Any hours of service report or data in printed or electronic form for the 24 hour

       period before and after the accident relating to:

          i. Total time driving since last qualified rest;

          ii. Driver available hours report;

          iii. Driver log summary;

          iv. Driver violations report;

          v. Beginning date of on duty;

          vi. Start time of on duty;

          vii. Cumulative drive time;

          viii. Total miles driven;

    c. Any and all reports or data in printed or electronic form relating to speeding,

       hard breaking, hard acceleration, and sudden stops for the 24 hour period before

       and after the accident.

    d. Any and all reports or data in printed or electronic form relating to GPS

       tracking, mapping, two-way messaging, and real-time traffic data for the 24

       hour period before and after the accident.

    e. Any other safety analytics report or data in printed or electronic form for the 24

       hour period before and after the accident;

    f. Any other driver productivity report or data in printed or electronic form for the

      24 hour period before and after the accident;

    g. Any other vehicle performance report or data in printed or electronic form for

      the 24 hour period before and after the accident;

    h. Any other report or data in printed or electronic form relating to the accident.

    i. Any and all recordings/print-outs of the detection and avoidance system for the

      24 hour period before and after the accident.

INTERROGATORY NO.:73. Was the motor vehicle Howard was driving at the time of the accident equipped with a video monitoring system, and if so, who is the manufacturer and what is the model name and number?

REQUEST FOR PRODUCTION NO.:16. If the answering to the above interrogatory was in the affirmative, please provide a copy of the video for the 24 hour period before and up until the accident, or in the alternative, the name, business and home address, telephone number, and email address of the person in possession of said video.

Respectfully submitted,

THE LAW OFFICES OF PETER A. MILLER
1601 Broadway
Little Rock, AR  72206
(501)  374-6300

By: _____

Peter A. Miller,  Attorney at Law
Ark. Bar # 80103

# Glassman, Edwards, Wyatt, Tuttle & Cox, P. C.

RICHARD GLASSMAN [1]
TIM EDWARDS [1, 1, 4]
CARL K. WYATT
DALE H. TUTTLE
ROBERT A. COX
JAMES F. HORNER, JR.
TODD B. MURRAH [1, 2, 3, 4]
DAVID C. RILEY

KYLE I. CANNON
LACEY ADAIR BISHOP
THOMAS E. CLARY, III
LEWIS W. LYONS
EDWIN E. WALLIS, III
DONALD R. BABINEAUX [3]
KEISHA MOSES RICHARDSON
LESLIE R. ISAACMAN [4]
RONNA D. KINSELLA [2]
JONATHAN S. STOKES

## Attorneys at Law
A Professional Corporation
26 North Second Street Building
Memphis, Tennessee 38103-2602
TEL - 901-527-4673
FAX - 901-527-5320

website: www.gewwlaw.com

LEGAL ASSISTANTS
CHERYL THORNHILL
DIANE ASBRIDGE
SHANNON PIPKIN
JILL MURRAY

OFFICE ADMINISTRATOR
SUSAN B. STEPHENSON

[1] CERTIFIED CIVIL TRIAL SPECIALIST -
TENNESSEE COMMISSION ON CONTINUING
LEGAL EDUCATION AND SPECIALIZATION and
NATIONAL BOARD OF LEGAL SPECIALTY
CERTIFICATION

[*] LICENSED U.S. PATENT & TRADEMARK OFFICE

[1] ALSO LICENSED IN MONTANA
[2] ALSO LICENSED IN MISSISSIPPI
[3] ALSO LICENSED IN ALABAMA
[4] ALSO LICENSED IN ARKANSAS

April 5, 2011

**(Via E-Mail Only:  pmiller@aristotle.net)**
Mr. Peter Miller, Esquire
***The Law Offices of Peter Miller***
1601 Broadway
Little Rock, AR  72206

<div style="margin-left:2em;">

|        |        |
|--------|--------|
| **Re:** | ***Gumby v. UPS et al*** |
|        | ***Client:***  ***UPS*** |
|        | ***DOL:***  ***Friday, February 04, 2011*** |
|        | **Our File # 11-041** |

</div>

Dear Mr. Miller:

Pursuant to our telephone conversation in this cause, you estimate that your client, William Gumby, has in excess of $300,000.00 in medical expenses directly associated with injuries sustained in the collision that is the subject of this lawsuit.  We have also agreed, that based upon the medicals and your client's injuries, that the amount in controversy, exclusive of interest and cost, is in excess of $75,000.00.

I thank you in advance for your attention to this matter; and I look forward to working with you.

Sincerely,

Robert A. Cox, Esquire
*rcox@gewwlaw.com*

tadg



Alternate Address: Post Office Box 916, Southaven, Mississippi 38671-0916