IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| WILLIAM GUMBY, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   No. 4:11CV000340 SWW |
| | * |
| UPS GROUND FREIGHT INC., ET AL., | * |
| | * |
| Defendants. | * |

**Order**

Before the Court is plaintiff's motion for reconsideration of his motion to compel and for sanctions. For the reasons stated at the conclusion of the hearing held on March 20, 2012, and summarized here, the motion for reconsideration is granted. The motion to compel is granted in part and denied in part; the request for sanctions is denied.

Plaintiff complains that after he filed an amended complaint, defendants had a duty under Fed.R.Civ.P. 26(e)(1)(A) to supplement their responses to discovery and they failed to do so. Plaintiff asks the Court to compel production of information propounded in a number of requests for production of documents.

As to plaintiff's requests for production of incident or accident reports (No. 5), copy of interview or statement from separate defendant Howard following the accident (No. 25), and notification of separate defendant UPS Ground Freight ("UPS") of the accident (No. 26), which defendants claim are privileged, the Court orders UPS to provide the Court with the privilege log and any brief or argument in support on or before March 27, 2012. The Court further orders UPS to provide plaintiff with whatever documents it has that are responsive to Request for Production No. 7 (UPS safety manual or equivalent) and Request for Production No. 8 (data from any speed monitoring

device). The Court orders defendant to provide any written documents and/or video involving safety training Howard may have been provided prior to the accident , including tests he may have taken before the accident (No. 22), any information UPS provided Howard prior to the accident on preventable accidents (No. 32), and all documents regarding accidents of Howard while employed by UPS (No. 38). If UPS has a document that is responsive to Request No. 35 (accident registration pursuant to federal regulations), it must provide it to plaintiff. The Court orders defendants to produce Howard's medical records dated since 2001 (No. 13).

The Court finds defendants are not compelled to provide plaintiff with documents classifying the collision (No.33) or any post-accident review and/or training of Howard (No. 34) as the Court finds these documents are inadmissible evidence of subsequent remedial measures.

IT IS THEREFORE ORDERED that the motion for reconsideration [docket entry 46] is granted in part and denied in part. Defendants are to provide the Court with the privilege log and any accompanying brief on or before March 27, 2012.

DATED this 23rd day of March, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE