IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| WILLIAM GUMBY, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   No. 4:11CV000340 SWW |
| | * |
| UPS GROUND FREIGHT INC., ET AL., | * |
| | * |
| Defendants. | * |

**Order**

Plaintiff William Gumby filed this action in 2011 and died on April 1, 2012.[1]  On April 18, 2012, plaintiff's attorney notified defendants' attorney of Gumby's death.[2]  On April 26, 2012, defendants filed a statement noting the death of William Gumby.[3]  On May 14, 2012, the deadline for filing motions to amend, plaintiff filed a second motion to amend complaint, making new allegations and adding a claim of wrongful death.  On June 5, 2012, Dolores Comstock filed a suggestion of death and motion to substitute herself as special administrator of the estate of her father, William Gumby.  On June 8, 2012, defendants filed an untimely response to the motion to amend and a response in opposition to the motion to substitute.  Plaintiff filed a reply to the responses and a motion to strike.

Defendants object to plaintiff's second amended complaint, arguing it is a nullity because at the time the motion to amend was filed, Gumby was dead yet he is still the only named plaintiff. Defendants assert that because a claim for wrongful death may only be brought by the proper plaintiff, the motion to amend should be denied.  Defendants also assert that the proposed amended complaint

---

[1] Defs.' Resp. to Pl's. Mot. for Substitution, Ex. 1 (docket entry 75-1).

[2] *Id.*, Ex. 2 (docket entry 75-2).

[3] *See* docket entry 61.

is futile because wrongful death actions may only be brought by the administrator on behalf of the heirs or the heirs themselves if there is no administrator. Defendants contend that because no administrator was appointed at the time the motion for leave was filed, the claim for wrongful death is futile. They further assert that any subsequent "correction" is a violation of settled law and would be past the agreed-upon deadline for amending the pleadings in this case.

Defendants object to plaintiff's motion to substitute to the extent it attempts to cure the arguments defendants made in opposing plaintiff's motion to file an amended complaint. They also argue plaintiff failed to follow the procedures for the appointment of a special administrator. Defendants claim that under Arkansas law, the petition for a special administrator should have been filed in the court before which the suit is pending and within thirty days after the death of the decedent. The Court finds defendants' arguments unpersuasive. Plaintiff's motion to amend was filed in a timely manner and her motion for substitution of party is proper pursuant to Fed.R.Civ.P. 25(a).

IT IS THEREFORE ORDERED that the motion to file a second amended complaint [docket entry 69] and the motion to substitute party [docket entry 73] are hereby granted. Plaintiff is directed to file the second amended complaint within seven (7) days from the date of entry of this Order. It is further ordered that the Special Administrator Dolores Comstock be substituted as the plaintiff. Plaintiff's motion to strike [docket entry 76] is denied.[4]

DATED this 21st day of June, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[4]Plaintiff moves to strike defendants' response to the motion to amend because it was untimely. The Local Rules provide that failure to timely respond to any nondispositive motion is an adequate basis on its own for granting the relief sought in the motion. Because the Court considered defendants' response, the Court will not strike it.